## Loomis *vs.* Farnum, Admr.

When an estate is represented insolvent, all the creditors may pursue their claims, and have them allowed in every government where administration is taken.

Where the commissioners of insolvency refused to allow a creditor who had proved his claim in another State, (where, however, he had then received no dividend,) to prove in this State also; it was *held*, on appeal, that he was entitled to have allowed the whole amount of his claim at the time when he presented the claim to the commissioners, notwithstanding that since their determination he had received a dividend in the other State.

But whether, if he had received such dividend before he presented his claim here, he could prove for more than the balance then due him, *quære?*

A creditor, who proves in several jurisdictions, can not receive any payment which will make his total receipts larger than the full amount of his claim.

APPEAL from the determination of commissioners, disallowing the appellant's claim against the estate of Luther Warren, deceased, insolvent.

The claim was founded upon certain notes signed by said Warren and justly due to the appellant.

Administration was taken in Connecticut, and ancillary administration in this State. The appellant is a citizen of Vermont. Prior to the determination of the commissioners appealed from, he had presented his claim to commissioners of insolvency in Connecticut, and it was allowed him. He has since received a dividend of fifty per cent., which was declared in course of administration there.

*A. Livermore*, for the appellant.

*Joseph Bell*, for the appellee.

PARKER, C. J. We are of opinion that the appellant in this case is entitled to have his claim allowed. This opinion is founded on the principles which were considered and fully stated in the case of *Goodall* vs. *Marshall*, 11 *N. H. Rep.* 88. On those principles it can make no difference that he has since received a dividend on his claim in Connecticut. His demand has not been paid or satisfied by the receipt of that dividend. At the time when the appellant presented his claim, and the commissioners refused to allow it, he had received nothing. He had only done what, in the case already cited, we held a creditor of an insolvent estate might well do, viz. : pursue his claim, and have it allowed in every government where administration is taken. The allowance could, probably, be for no greater sum than was due the creditor when the claim was presented. But when the present appellant presented his claim for allowance here, the whole of it was due.

If the fifty per cent. dividend in Connecticut had been received by the appellant before he presented his claim for

Loomis *v.* Farnum.

allowance in this State, he would, probably, have been entitled to be allowed only the balance.   But when he presented his claim, as we have said, the whole sum claimed was due, and we are of opinion that he is entitled to have his claim allowed as of the time when it was presented to the commissioners.   He cannot receive, however, any payment which will make his total receipts from the several jurisdictions in which he may have proved his claim amount to a larger sum than the full amount of his claim.

*Claim allowed.*